### MURPHY vs. BEZOUT.

APPEAL FROM THE PARISH COURT FOR THE PARISH OF IBERVILLE.

Where an appeal was taken from a parish in the Fourth Judicial District, to the Eastern District of the Supreme Court at New-Orleans, and made returnable on the first Monday in January, when there was time to have returned it to the November term preceding: on motion of the appellee, the appeal was dismissed as being irregularly taken.

An agreement of the appellee, endorsed on the record, that the cause be postponed to the next term for trial, does not amount to a waiver of his exception, to the irregularity of the appeal.

EASTERN DIST.
*June,* 1834.

MURPHY
*vs.*
BEZOUT.

The plaintiff alleges, that at a public sale by the inspector of roads and levees, for the Ninth District, in the parish of Iberville, made on the 3d March, 1832, he became the lowest bidder of certain works and repairs ordered to be done, on the front of the defendant's plantation, at twenty-five dollars per arpent. That the whole distance was twenty-five arpents, which he has repaired according to contract, and amounts to the sum of six hundred and twenty-five dollars, which he has demanded of the defendant, and which she refuses to pay. He prays for an order of seizure and sale of the land of the defendant to pay his said claim.

The defendant pleaded a general denial; and that she resided out of the parish; that she had no notice of the order and adjudication of the repairs required, and that the work was not performed by the defendant according to law.

The plaintiff had judgment for the amount of his claim, and that the premises which were repaired, be seized and sold to satisfy the judgment.

The defendant prayed an appeal, *returnable on the next term of the Supreme Court.*

On the 10th September, 1832, the parish judge granted the appeal, on the appellant giving bond and security as the law required, *returnable in the Supreme Court, on the first Monday in January next.* The transcript was filed with the clerk of the Eastern District, at New-Orleans, on the 7th January, 1833.

*Labauve,* for the plaintiff and appellee, moved to dismiss the appeal on the following grounds:

1. The return day of the appeal was improperly fixed, and the appellee was therefore illegally cited in court. He should have been cited for the November or December term of the court, and not for January term.

2. The judge who granted the appeal, failed or omitted to fix the amount for which the appeal bond was to have been given, as required by law.

*Cuvillier, contra.* The appellee cannot now move to have this appeal dismissed, after having appeared and agreed to have the cause fixed for trial, on the first Monday of March following the return of the appeal.

2. The agreement to try the cause at a future day, was a waiver of the exception to the return day of the appeal.

3. If an error was made in fixing the return day of the appeal, it is no fault of the appellants. We prayed in our petition, that the appeal be made *returnable on the first term of the court.*

4. The error (if any) was committed by the judge *a quo,* who made the appeal returnable on the first Monday in January, instead of the last Monday of November. He certifies and gives as a reason for so doing, that similar returns were made by the district judges for the parish of Iberville, at the suggestion of the members of the bar, in consequence of the Supreme Court having fixed the January and March terms for the hearing of appeals, from the Fourth Judicial District.

*Bullard, J.* delivered the opinion of the court.

The appellee moves to dismiss this appeal on the ground, that it was made returnable at the January term, whereas it should have been made returnable in November.

The order of the judge was given on the 10th of September, and the next term was that of November last.

But it is contended by the appellant, that this irregularity has been caused by an appearance in this court, and an agreement by the appellee, endorsed on the record, that the case be postponed till March term. The court is of opinion, that this does not amount to a waiver of his exception to the irregularity.

It is therefore ordered, that the appeal be dismissed at the costs of the appellant.

Where an appeal was taken from a parish in the 4th Judicial District, to the Eastern District of the Supreme Court at New-Orleans and made returnable on the first Monday in January, when there was time to have returned it to the November term preceding: on motion of the appellee the appeal was dismissed as being irregularly taken.

An agreement of the appellee endorsed on the record that the cause be postponed to the next term for trial, does not amount to a waiver of his exception to the irregularity of the appeal.